ELIZABETH KERN *et al.* Plaintiffs in Error, *vs.* LOUIS MEYER *et al.* Defendants in Error.

*Opinion filed October 16, 1914.*

WILLS—*when proof of financial condition of legatee is properly excluded.* Where a will makes an unequal division of the property of the testatrix and a sister living within a block of the testatrix is bequeathed the sum of five dollars, only, the financial condition of such sister, if known to the testatrix, may be considered, with the will itself, upon the question of testamentary capacity, but unless there is proof, or offer of proof, that such financial condition was known to the testatrix, evidence in regard thereto is properly excluded.

WRIT OF ERROR to the Circuit Court of Fayette county; the Hon. T. M. JETT, Judge, presiding.

JOHN A. BINGHAM, and F. M. GUINN, for plaintiffs in error.

ARTHUR ROE, and TERRY, GUELTIG & POWELL, for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiffs in error filed their bill in the circuit court of Fayette county to set aside the last will and testament of Martha Janett on the ground that the testatrix lacked testamentary capacity and that the execution of the purported will was procured through the undue influence of certain of

the defendants in error.  An issue at law was made and the cause submitted to a jury, which returned a verdict finding that the instrument was the last will and testament of Martha Janett.  A motion for a new trial was overruled and a decree entered in accordance with the verdict of the jury.  This writ of error has been sued out to review that decree.

It is conceded there is no proof in the record of undue influence.  The principal point urged is that the verdict of the jury and the decree of the court are contrary to the manifest weight of the evidence.  A large number of witnesses testified on both sides.  Those testifying on behalf of proponents, in addition to the two attesting witnesses, consisted of bankers, merchants and various business men with whom Mrs. Janett had transacted business about the time of the making of the will and for a number of years prior thereto, physicians who had attended her during the same time, and various persons who were intimately acquainted with her.  Those testifying on behalf of the contestants were mostly relatives of Mrs. Janett, the remainder being friends and acquaintances.  The testimony was conflicting.  Proponents' witnesses gave in detail the extent of their acquaintance and their business relations with Mrs. Janett and the opportunities afforded them for forming an opinion as to her mental condition.  It developed from the evidence offered on behalf of the contestants that Mrs. Janett for a number of years prior to her death was addicted to the excessive use of intoxicating liquor, and it was shown that on a number of occasions she became helplessly intoxicated.  The witnesses for contestants generally based their opinion that she was not of sound mind upon her intemperate habits.  We do not deem it necessary to discuss at length the evidence adduced.  It is sufficient to say that upon an examination of the whole record the verdict is not only not against the weight of the evidence but is supported by a preponderance thereof.

264 — 36

It is contended that the court erred in excluding proof of the financial condition and circumstances of Elizabeth Kern, a sister of the testatrix. The will makes an unequal division of the property of the testatrix among her relatives. Mrs. Kern was bequeathed the sum of five dollars. It was shown that she lived in the city of Vandalia, within a block of the testatrix, and that the sisters were on friendly terms. Two or three of the witnesses were asked as to the financial condition of Mrs. Kern at the time the will was made and for several years prior thereto. To these questions the court sustained objections. It was proper to show the financial condition of Mrs. Kern if the same was known to the testatrix, as the known financial condition of those having claims upon a testator's bounty may be taken into consideration in connection with the will itself in determining the question of testamentary capacity. (*Dillman* v. *McDanel,* 222 Ill. 276; *Healea* v. *Keenan,* 244 id. 484.) As contestants did not show or offer to show that the financial condition of Mrs. Kern was known to the testatrix, the objections to the questions asked along this line were properly sustained.

Some criticism is made of the giving of instructions on behalf of proponents and the refusing of two instructions asked on behalf of contestants. The criticisms made are without merit. The essential parts of the refused instructions were incorporated in instructions given. The jury were fairly and accurately instructed as to the law of the case.

The decree of the circuit court is affirmed.

*Decree affirmed.*